1
2
3
4
5
6
7
8                          IN THE UNITED STATES DISTRICT COURT
9                        FOR THE EASTERN DISTRICT OF CALIFORNIA
10  INFINITY,
11              Plaintiff,                    No.  CIV S-10-2709 LKK KJM PS
12       vs.
13  KELLOGG, et al.,
14              Defendants.                   ORDER
15  _____/

16          Plaintiff is proceeding in this action pro se.  The federal venue statute requires
17  that a civil action wherein jurisdiction if founded only on diversity of citizenship may be brought
18  only in "(1) a judicial district where any defendant resides, if all defendants reside in the same
19  State, (2) a judicial district in which a substantial part of the events or omissions giving rise to
20  the claim occurred, or a substantial part of property that is the subject of the action is situated, or
21  (3) a judicial district in which any defendant may be found, if there is no district in which the
22  action may otherwise be brought."  28 U.S.C. § 1391(a).
23          In this diversity action, all of the defendants do not reside in the same State.
24  However, a substantial part of the events giving rise to the claim occurred in the Southern
25  District of California.  Therefore, plaintiff's claim should have been filed in the United States
26  District Court for the Southern District of California.  In the interest of justice, a federal court

1 | may transfer a complaint filed in the wrong district to the correct district.  See 28 U.S.C.
2 | § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).
3 |       Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the
4 | United States District Court for the Southern District of California.
5 | DATED:  October 14, 2010.

_____
U.S. MAGISTRATE JUDGE

006
infinity.tra